

# Notice of Service of Process

RFM / ALL
Transmittal Number: 25267070
Date Processed: 07/25/2022

| | |
|---|---|
| Primary Contact: | Caroline Jones<br>Ryman Hospitality Properties, Inc.<br>1 Gaylord Dr<br>Nashville, TN 37214-1207 |
| Entity: | RHP Operations NH, LLC<br>Entity ID Number 3138959 |
| Entity Served: | RHP Operations NH LLC |
| Title of Action: | Christie Jenkins vs. Gaylord National Resort and Convention Center |
| Matter Name/ID: | Christie Jenkins vs. Gaylord National Resort and Convention Center (12600742) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Prince George's County Circuit Court, MD |
| Case/Reference No: | CAL22-18025 |
| Jurisdiction Served: | Maryland |
| Date Served on CSC: | 07/19/2022 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Trombly & Singer, PLLC<br>202-887-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com





Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL22-18025

Other Reference No.(s): ...................................

Child Support Enforcement Number: ...................................

Date issued: June 13, 2022

To: RHP Operations NH LLC
Serve: CSC-Lawyers Incorporating Service Company
7 St Paul Street Suite 820
Baltimore, MD 21202

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by;

CHRISTIE JENKINS
10241 ROACHTON ROAD
PERRYSBURG OH 43551

This summons is effective for service only if served within 60 days after the date it is issued.

_____
Clerk of the Circuit Court

#544

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

CC-CV-032 (Rev. 01/2019)        Page 1 of 20        CAL22-18025



Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL22-18025
Other Reference No.(s): ..............................
Child Support Enforcement Number: ..............................

Date issued: June 13, 2022

To: RHP Operations NH LLC
Serve: CSC-Lawyers Incorporating Service Company
7 St Paul Street Suite 820
Baltimore, MD 21202

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by;

CHRISTIE JENKINS
10241 ROACHTON ROAD
PERRYSBURG OH 43551

This summons is effective for service only if served within 60 days after the date it is issued.

_____
Clerk of the Circuit Court

#544

To the person summoned:
  Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
  Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

CC-CV-032 (Rev. 01/2019)          Page 1 of 20          CAL22-18025

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**CHRISTIE JENKINS**, individually, and as  \*
next friend of **EMMA SCHRAMM**, a minor
10241 Roachton Road
Perrysburg, OH 43551
                                     \*

               *Plaintiff*,                        Case No. CAC22-18025

   v.
                                        \*

**GAYLORD NATIONAL RESORT AND
CONVENTION CENTER**
201 Waterfront Street
Oxon Hill, MD 20745               \*

Serve:
Margery Breneman
10400 Fernwood Road              \*
Bethesda, MD 20817

And
                                        \*

**MARRIOTT HOTEL SERVICES, INC.**
Dept 924 13/10400 Fernwood Road
Bethesda, MD 20817
                                      \*

Serve:
The Corporation Trust, Inc.
2405 York Road, Suite 201
Lutherville-Timonium, MD 21093   \*

And

**MARRIOTT INTERNATIONAL, INC.**  \*
10400 Fernwood Road
Bethesda, MD 20817

Serve:                                       \*
The Corporation Trust, Inc.
2405 York Road, Suite 201
Lutherville-Timonium, MD 21093
                                      \*

And



| | |
|---|---|
| **MARRIOTT INTERNATIONAL HOTELS, INC.**<br>10400 Fernwood Road<br>Bethesda, MD 20817<br><br>Serve:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville-Timonium, MD 21093<br><br>And<br><br>**RHP PROPERTY NH, LLC**<br>11 Chase Street<br>Baltimore, MD 21202<br><br>Serve:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>And<br><br>**RHP PROPERTY DC, LLC**<br>One Gaylord Dr<br>Nashville, TN 37214<br><br>Serve:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>And<br><br>**RHP OPERATIONS DC, LLC**<br>One Gaylord Dr<br>Nashville, TN 37214<br><br>Serve:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | *<br><br>*<br><br><br><br>*<br><br><br><br><br>*<br><br><br><br><br>*<br><br><br><br>*<br><br><br><br><br>*<br><br><br><br>*<br><br><br><br><br>*<br><br><br><br>* |

| | |
|---|---|
| And | * |
| **RHP OPERATIONS NH, LLC**<br>2711 Centerville Road, Suite 40<br>Wilmington, DE 19808 | * |
| Serve:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | * |
| And | * |
| **RHP HOTEL PROPERTIES, LP**<br>One Gaylord Dr<br>Nashville, TN 37214 | * |
| Serve:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | * |
| And | * |
| **SUNSET POOL INC<br>d/b/a SUNSET POOL MANAGEMENT, INC.**<br>2701 North Pershing Drive<br>Arlington, VA 22201 | * |
| Serve:<br>Bita Naderi<br>10319 West Lake Dr.<br>Bethesda, MD 20817 | * |
| *Defendants.* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

The Plaintiff, Christie Jenkins, individually and as next friend of Emma Schramm, a minor, by and through her undersigned counsel, moves this Honorable Court for judgment against Defendants and hereby states as follows:

1. This Honorable Court has jurisdiction of this case because the amount in controversy exceeds the minimum jurisdictional requirements of this Court.

2. Plaintiff Christie Jenkins is the mother and next friend of Emma Schramm, a minor, born March 13, 2009, and at all times relevant to this Complaint, both have been residents of Perrysburg, OH.

3. Defendant Gaylord National Resort and Convention Center, at all times relevant to this complaint, is a Maryland corporation that owns and/or operates the Gaylord National Resort and Convention Center located at or around 201 Waterfront Street, National Harbor, MD 20745 ("the premises"), which is located in Prince Georges County, MD.

4. Defendant Marriott Hotel Services, Inc., at all times relevant to this complaint, is a Delaware corporation with its principal place of business in the State of Maryland, that owns and/or operates the premises.

5. Defendant Marriott International, Inc., at all times relevant to this complaint, is a Delaware corporation with its principal place of business in the State of Maryland that operates the premises.

6. Defendant Marriott International Hotels, Inc., at all times relevant to this complaint, is a Maryland corporation that owns and/or operates the premises.

7. Defendant RHP Property NH, LLC., at all times relevant to this complaint, is a Maryland corporation that owns and/or operates the premises.

8. Defendant RHP Property DC, LLC., at all times relevant to this complaint, is a Delaware corporation with its principal place of business in the State of Maryland, that owns and/or operates the premises.

9. Defendant RHP Operations NH, LLC, at all times relevant to this complaint, is a

Delaware corporation regularly doing business in Maryland that owns and/or operates the premises.

10. Defendant RHP Operations DC, LLC, at all times relevant to this complaint, is a Delaware corporation regularly doing business in Maryland, that owns and/or operates the premises.

11. Defendant RHP Hotel Properties, LP, at all times relevant to this complaint, is a Delaware corporation regularly doing business in Maryland that owns and/or operates the premises.

12. Defendant Sunset Pool Inc d/b/a/ Sunset Pool Management, Inc., at all times relevant to this complaint, is a Virginia corporation regularly doing business in Maryland that manages the pool area where the incident occurred at the premises.

13. On or about Aug 1, 2019, the minor plaintiff (hereinafter referred to as Emma) and her family were guest invitees at the premises.

14. On the above date, Emma, along wither her siblings and father, after having swam in the indoor pool at the premises, sought to go to the outdoor pool. They exited the indoor pool area, and because of the way the outdoor chairs were configured, the path to the outdoor pool took them over an area known as a splash pad, which was a concrete walkway that had apparatus installed therein that would shoot water into the air from the ground at random intervals.

15. While walking over the splash pad, Emma and her family members were not aware that the walking surface below them would suddenly shoot water into the air as they were walking over its surface.

16. As Emma proceeded over the splash pad, it suddenly and without warning began shooting water under her feet and in front of her, causing her to lose her balance and fall to the

ground, striking her head on the hard surface of the splash pad.

17. The above-described incident occurred on account of the sole negligence of one or more of the Defendants acting through their agents and employees.

18. The negligent acts of one or more of the Defendants' agents and employees include but are not necessarily limited to failing to maintain a reasonably safe walking surface; failing to warn of a dangerous hazard; failing to appropriately maintain and operate the splash pad, which was dangerously slippery; failing to have appropriate signage near or adjacent to the splash pad; negligently arranging the chairs in the area of the splash pad so as to cause Emma and other hotel guests to unnecessarily and unwittingly walk over the splash pad; and other acts of negligence.

19. As a result of the above-described incident, the minor plaintiff, Emma Schramm, sustained significant injuries. These injuries include, but are not limited to, a concussion, post-concussion syndrome, traumatic brain injury, neurocognitive disorder, and other cognitive problems. The minor plaintiff has incurred physical and emotional losses, with accompanying pain and suffering; and she and/or her parents have incurred and will in the future incur medical bills and other economic losses. To the extent that the minor plaintiff's parents are responsible for the medical expenses and other necessities until she reaches majority, they bring this claim for such economic losses. To the extent that Plaintiff Christie Jenkins may bring a claim for non-economic damages on behalf of her minor child, at least until the minor reaches majority, she brings a claim for non-economic losses as well.

Wherefore, Plaintiff Christie Jenkins, individually and as next friend of Emma Schramm, a minor, seeks judgment against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus interest and costs, as well as an award of any other further relief that this Court

deems appropriate.

                                          Respectfully Submitted,

                                          _/s/ Kenneth Trombly_ (NST)
                                          Kenneth M. Trombly

                                          _/s/ Daniel Singer_ (NST)
                                          Daniel S. Singer

                                          _/s/ Noah Trombly_
                                          Noah S. Trombly
                                          Trombly & Singer, PLLC
                                          1825 K Street, N.W.
                                          Suite 1150
                                          Washington, DC 20006
                                          (202) 887-5000
                                          *Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
Civil Division

CHRISTIE JENKINS, individually     *
And as next friend of EMMA SCHRAMM,
A minor,     *

    Plaintiffs     *

v.     *    Case No.: CAL22-18025

MARIOTT INTERNATIONAL HOTEL     *
SERVICES, INC., et al.,
    *

    Defendants



RECEIVED
AUG 3 2022
CJ

## ANSWER

COME NOW the Defendants, Gaylord National Resort and Convention Center, Marriott Hotel Services, Inc., Marriott International, Inc., RHP Property NH, LLC, RHP Property DC, LLC, RHP Operations DC, LLC, RHP Operations NH, LLC, and RHP Hotel Properties, LP, and answers the Complaint of Plaintiffs herein, as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted against these Defendants.

### SECOND DEFENSE

In accordance with the Maryland Rules of Civil Procedure, the Defendants generally deny all liability to the Plaintiffs and demand strict proof thereof. In addition, the Defendants deny generally that any acts or omissions by them (alleged but denied) were proximately caused or caused in fact by the Defendants herein or by any officers, agents, associates, employees or representatives of the Defendants herein.

### THIRD DEFENSE

Plaintiffs' claims are barred by their contributory negligence and/or assumption of the risk which are complete bars to recovery in Maryland.

### FOURTH DEFENSE

Defendants did not have actual or constructive notice of any hazard which is alleged to have caused Plaintiffs' injuries.

### FIFTH DEFENSE

Defendants raise the additional negative and/or affirmative defenses, subject to further investigation, including: waiver, estoppel, collateral estoppel, payment, release, bar of the statute of limitations, immunity, res judicata, failure to satisfy conditions precedent, and failure to mitigate damages.

### SIXTH DEFENSE

Defendant, "Gaylord National Resort and Convention Center" does not have the capacity to be sued or to be sued in a representative capacity and is not a suable entity.

### SEVENTH DEFENSE

Plaintiffs' Complaint contains allegations applicable to virtually all of the entities listed regarding their alleged ownership and/or operation of the premises where the subject incident allegedly occurred. Defendants generally deny these allegations as set forth by the Plaintiffs in their Complaint, subject to further investigation as to which entity or entities were owners and/or operators. All defenses are reserved.

EIGHTH DEFENSE

Defendants are not liable to Plaintiffs under Maryland premises liability law and did not owe the Plaintiffs a duty of care.

WHEREFORE, Defendants, by counsel, pray that Plaintiffs' Complaint be dismissed with prejudice and for an assessment of costs.

Respectfully submitted,

BUDOW AND NOBLE, P.C.

Walter E. Gillcrist, Jr. AIS # 8501010226
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland  20852
(301) 654-0896
wgillcrist@budownoble.com
*Marriott International Hotel Services, Inc.*

**<u>JURY DEMAND</u>**

Defendant requests a trial by jury on all issues herein.

Walter E. Gillcrist, Jr. AIS # 8501010226

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August 2022, a copy of the foregoing was e-mailed to:

Kenneth M. Trombly, Esq.
Daniel S. Singer, Esq.
Noah S. Trombly, Esq.
Trombly & Singer, PLLC
1825 K Street, N.W., Suite 1150
Washington, D.C.  20006
*Attorneys for Plaintiffs*

_____
Walter E. Gillcrist, Jr. AIS # 8501010226
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland  20852
(301) 654-0896
wgillcrist@budownoble.com
*Marriott International Hotel Services, Inc.*